IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Oscar A. Torres, Jr., | ) | C/A No. 0:11-532-JFA-PJG |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Mildred L. Rivera, *Warden Federal Correctional Institution of Estill*, | ) ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This habeas corpus matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the respondent's motion dismiss. (ECF No. 9.) The petitioner, Oscar A. Torres, Jr. ("Torres"), who is represented by counsel, filed this action pursuant to 28 U.S.C. § 2241. Torres challenges the decision of the Federal Bureau of Prisons ("BOP") denying him enrollment in the Residential Drug and Alcohol Program ("RDAP"). Torres filed a response in opposition to the respondent's motion (ECF No. 20) and the respondent filed a reply (ECF No. 23). Having carefully considered the parties' submissions and the record in this case, the court concludes that the respondent's motion should be granted.

**BACKGROUND**

Torres is serving a sixty-month sentence in federal prison for conspiracy to distribute five kilograms or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), & 846. (Lathrop Decl. ¶ 3, ECF No. 9-1 at 2.) His projected release date is approximately July 19, 2013. (Id.)

During Torres's incarceration, Torres participated in a non-residential drug treatment program. He also applied for admission into RDAP, which is "an intensive 500-hour program of drug treatment that takes place in a residential setting apart from the general prison population."

(Bush Decl. ¶ 4, ECF No. 9-2 at 2.) BOP ultimately denied Torres admission into RDAP based on its determination that Torres failed to provide documentation of substance abuse problems within twelve months prior to his arrest for the instant sentence. (See id. ¶ 14, ECF No. 9-2 at 6.) Torres challenges this decision and argues that it is arbitrary and capricious. Having exhausted his administrative remedies, Torres now seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241, requesting that the court order the respondent to find Torres eligible for RDAP with enrollment as soon as possible.

## DISCUSSION

**A.     Summary Judgment Standard**

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.



The moving party has the burden of proving that summary judgment is appropriate.  Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial.  See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322.

**B.     Habeas Corpus Generally**

Habeas corpus proceedings are the proper mechanism for a prisoner to challenge the legality or duration of his custody.  See Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).  A petition for habeas corpus under § 2241 is the proper method to challenge the computation or execution of a federal sentence.  See United States v. Little, 392 F.3d 671, 679 (4th Cir. 2004) (citing In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (*en banc*)); United States v. Miller, 871 F.2d 488, 490 (4th Cir. 1989).

**C.     RDAP Generally**

Pursuant to 18 U.S.C. § 3621(b), BOP "shall make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse."  Further, BOP shall provide eligible prisoners the opportunity to participate in RDAP. 18 U.S.C. § 3621(e).  "Eligible prisoner" is defined as "a prisoner who is (i) determined by the Bureau of Prisons to have a substance abuse problem; and (ii) willing to participate in a residential substance abuse treatment program."  18 U.S.C. § 3621(e)(5)(B); see also 28 C.F.R. § 550.53(b)(1) (stating that for an inmate to be admitted into RDAP, the inmate "must have a verifiable substance use disorder").  "Substance abuse problem" is not defined by the statute; however, the language delegates this determination to BOP.  Id.; Laws v. Barron, 348 F. Supp. 2d 795, 800 (E.D. Ky. 2004)



(holding "Congress has clearly authorized the BOP to select those prisoners who will be best served by participation in such a program").

BOP Program Statement 5330.11 describes the eligibility criteria BOP considers in determining whether an inmate qualifies for RDAP. Some of the requirements for inmates who apply for RDAP include that "[t]here is documentation available to verify the inmate's use of specific drugs, including alcohol" and "[t]here is verification that can establish a pattern of substance abuse or dependence." (Program Statement 5330.11, § 2.5.8, ECF No. 9-2 at 18.) Section 2.5.8 further provides the following:

> When seeking independent verification, examples of other collateral documentation that may be used include:
> - Documentation to support a substance use disorder within the 12-month period before the inmate's arrest on his or her current offense.
> - Documentation from a probation officer, parole officer, social service professional, etc., who has information that verifies the inmate's problem with substance(s) within the 12-month period before the inmate's arrest on his or her current offense.
> - Documentation from a substance abuse treatment provider or medical provider who diagnosed and treated the inmate for a substance abuse disorder within the 12-month period before the inmate's arrest on his or her current offense.
> - Multiple convictions (two or more) for Driving Under the Influence (DUI) or Driving While Intoxicated (DWI) in the 5 years prior to his or her most recent arrest.

(Id. at 19.)

D.   **Torres's Grounds for Habeas Relief**

As stated above, Torres challenges BOP's decision to deny him admission into RDAP. In support of BOP's decision, the respondent has submitted the declaration of Dr. Christopher Bush, a drug abuse program coordinator. In considering Torres's application, BOP reviewed Torres's Central File, which revealed that the sentencing judge recommended that Torres be allowed to participate in RDAP. (Bush Decl. ¶ 7, ECF No. 9-2 at 3.) However, Torres's presentence



investigation report indicated that he voluntarily completed a 12-step Narcotics Anonymous program and "[p]rior to his involvement in the instant offense, he reportedly received a medal to award him for 3 years sobriety." (Id.) Further, the report revealed that Torres stated that he had been clean and sober for four and a half years. (Id.) Based on this information, BOP informed Torres that there was insufficient documentation to justify an interview for RDAP and provided him with a list of acceptable documentation that he would need to provide to be eligible for an interview. (Id.; ECF No. 9-2 at 3-4; Bush Decl. Attach. C, ECF No. 9-2 at 34-35.) Subsequently, Dr. Bush received a letter from a licensed psychotherapist indicating that Torres received treatment from 2005 through 2007. (Bush Decl. ¶ 9, ECF No. 9-2 at 4; Bush Decl. Attach. E, ECF No. 9-2 at 37-38.) However, Dr. Bush found this letter to be insufficient to demonstrate that Torres suffered from a diagnosis of substance abuse or dependence within twelve months prior to his arrest, as it indicated that Torres was abstinent from drug use during his treatment. (Bush Decl. ¶ 9, ECF No. 9-2 at 4; Bush Decl. Attach. F, ECF No. 9-2 at 39-40.) On May 9, 2010, based on a second letter from the licensed psychotherapist indicating a diagnosis of polysubstance dependence for Torres from August 2005 through August 2008, Dr. Bush found there was sufficient information to qualify Torres for an interview for RDAP. (Bush Decl. ¶ 10, ECF No. 9-2 at 4-5; Bush Decl. Attach. G, ECF No. 9-2 at 41-42.)

During the interview, Torres informed Dr. Bush that he had not used any substances within the twelve months prior to his arrest for the instant sentence. (Bush Decl. ¶ 11, ECF No. 9-2 at 5.) Based on this information, Torres did not qualify for RDAP. (Id.; Bush Decl. Attach. H, ECF No. 9-2 at 43.) Further, Torres was informed that qualifiers for remission were not applied for purposes of entry into RDAP. (Bush Decl. ¶ 12, ECF No. 9-2 at 5; Bush Decl. Attach. I, ECF No. 9-2 at 44.) Dr. Bush also received information from the United States Probation Office indicating that Torres

had not used any substances since 2003 and a letter dated February 1, 2011 from the licensed psychotherapist that included much of the same information in her previous letter. (Bush Decl. Attach. J & K, ECF No. 9-2 at 45, 46.) Upon review of this information and in light of Torres's statements, BOP found that Torres did not qualify for RDAP.

In response to the respondent's motion to dismiss, Torres argues that he has satisfied the requirements included in § 2.5.8 because he has provided documentation from a qualified provider clearly stating that he was diagnosed with a substance abuse disorder within twelve months prior to his arrest. (See Pet. Ex. 8, ECF No. 1-10; see also Bush Decl. Attach. K, ECF No. 9-2 at 46.) Torres relies on the letter provided by the United States Probation Office. Specifically, Torres points out that the probation officer stated, "Torres participated in approximately 50 treatment sessions with Carole Flaster, a licensed psychotherapist in Davie, Florida, from August 2005, until he was arrested on the instant federal offense in October 2007. The treatment sessions focused on marital and interpersonal issues as well as his substance abuse problem." (Pet. Ex. 9, ECF No. 1-11; see also Bush Decl. Attach. J, ECF No. 9-2 at 45.) Torres argues that BOP's requirement that Torres have actually *used* an illicit substance within twelve months prior to his arrest is an additional requirement outside the requirements of the Program Statement. Therefore, Torres argues that BOP's decision to deny Torres admission into RDAP was arbitrary and capricious.

Upon review of Program Statement 5330.11, the court finds Torres's argument to be without merit. Section 2.5.8 of Program Statement 5330.11 specifically states that "[a]ny verifying documentation of alcohol or other drug use must indicate problematic use; i.e., consistent with the American Psychiatric Association's Diagnostic and Statistical Manual of Mental Health Disorders

(DSM) criteria." (ECF No. 9-2 at 19.) As discussed by the respondent,[1] <u>The American Psychiatric Association's Diagnostic and Statistical Manual of Mental Disorders</u>, fourth edition ("DSM–IV"), describes substances use disorders, which include substance dependence and substance abuse. <u>Id.</u> at 192-99. The DSM-IV defines substance dependence as a cluster of three or more of the following symptoms occurring at any time in the same twelve-month period: tolerance; withdrawal; use of the substance in larger amounts or over a longer period that originally intended; persistent desire or unsuccessful attempts to decrease or discontinue use; expending a great deal of time obtaining, using, or recovering from the substance; reduction or discontinuation of other daily activities because of the substance use; or continued use of the substance despite recognition of its consequences. <u>Id.</u> at 192, 194-95, 197. It states that the criteria for substance abuse include (1) "a maladaptive pattern of substance use leading to clinically significant impairment or distress, as manifested by one (or more) of the following:" "repeated failure to fulfill major role obligations, repeated use in situations in which it is physically hazardous, multiple legal problems, and recurrent social and interpersonal problems" and (2) that the symptoms for this class of substance must have never met the criteria for substance dependence. <u>Id.</u> at 198-99. The DSM-IV also includes four remission specifiers. <u>Id.</u> at 195-96.

Several courts have upheld BOP's reliance on the DSM-IV to require active abuse within twelve months prior to the arrest. For example, in <u>Mora-Meraz v. Thomas</u>, 601 F.3d 933 (9th Cir. 2010), the Court stated:

> Without documented proof that an inmate has used an offending drug within twelve months prior to incarceration, it is reasonable to infer that the inmate is no longer

---

[1] The court observes that portions of the respondent's reply refer to an "Exhibit A." No such exhibit has been provided to the court; therefore, any arguments that rely solely on this exhibit have not been considered by the court.



dependant or an abuser. It follows that such an individual has no need for the highly intensive residential drug treatment program, RDAP. If the individual believes he still has a need for treatment and assistance, he may enroll in a less comprehensive program offered in the prison.

Id. at 942 (citing DSM-IV) (examining a prior version of Program Statement 5330.11); id. at 946 (holding that there existed "a reasonable basis for the Bureau's decision to adhere to the DSM-IV's twelve-month rule and a reasonable basis for the Bureau to apply that rule to require documented use of a drug within the twelve months prior to incarceration"); see also Parks v. Roy, C/A No. 5:10-CV-98, 2011 WL 2652165, at *1 (E.D. Tex. Jan. 28, 2011) ("The inmate's drug or alcohol use must indicate problematic use consistent with the [DSM-IV] criteria, which looks at the frequency of use during a twelve-month period.").

The documentation relied upon by Torres does not demonstrate that he satisfied the definitions of substance abuse disorders as described by the DSM-IV. Moreover, Torres has failed to demonstrate that BOP's requirement of active abuse within twelve months prior to the arrest was arbitrary or capricious.[2] Additionally, the court rejects Torres's argument that the respondent's position with regard to admission into RDAP is nonsensical because "[i]t punishes inmates who have the wherewithal to improve their lives through drug treatment and instead provides a perverse incentive for inmates to continue using illegal substances." (Petr.'s Reply at 5, ECF No. 23 at 5.) This court observes, as others have, that RDAP is not the only drug program offered by BOP. In fact, Torres has participated in at least one of these other programs.

---

[2] The respondent does not appear to dispute the applicability of this standard.



**RECOMMENDATION**

Accordingly, the court recommends that the respondent's motion to dismiss (ECF No. 9) be granted and that Torres's petition for a writ of habeas corpus be denied.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

September 30, 2011
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the district judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).