UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Oscar A. Torres, Jr., ) | C/A No. 0:11-532-JFA-PJG | |
| ) | | |
| Petitioner, ) | | |
| v. ) | ORDER | |
| ) | | |
| Mildred L. Rivera, Warden, Federal ) | | |
| Correctional Institution of Estill, ) | | |
| ) | | |
| Respondent. ) | | |
| _____ ) | | |

Petitioner, Oscar Torres, a federal prisoner proceeding with assistance of counsel, seeks habeas corpus relief under 28 U.S.C.§ 2241. Specifically, petitioner challenges the decision of the Federal Bureau of Prisons (BOP) denying him enrollment in the Residential Drug and Alcohol Program (RDAP).

The Magistrate Judge assigned to this action[1] has prepared a thorough Report and Recommendation and opines that the respondent's motion to dismiss should be granted. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation and without a hearing.

The petitioner was advised of his right to file objections to the Report and Recommendation, which was entered on the docket on September 30, 2011. The petitioner, through counsel, has filed an objection memorandum, and the government has responded

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

1

thereto.  This matter thus appears ripe for this court's review.

Torres is serving a 60-month sentence in federal prison for conspiracy to distribute 5 kilograms or more of cocaine.  His projected release date is July 19, 2013.

At issue in this case is the decision of the BOP denying petitioner's participation in the RDAP program.  RDAP is but one of several substance abuse programs offered by the BOP.  In fact, Torres himself participated in one such ancillary program.  In this case, he challenges the refusal to be admitted to the RDAP which is "an intensive 500-hour program of drug treatment that takes place in a residential setting apart from the general prison population."

The BOP denied Torres' request for admission into RDAP based upon its determination that Torres failed to provide documentation of substance abuse problems within 12 months prior to his arrest for the offense which led to his current incarceration.  Torres challenges this decision and argues in this case that the decision is arbitrary and capricious.  The Magistrate Judge concedes that Torres has exhausted his administrative remedies and the matter is now before the court pursuant to § 2241.

The Magistrate Judge recommends that this action be dismissed because the petitioner does not qualify for the RDAP program.  The Magistrate Judge's Report and Recommendation thoroughly discusses the statutory underpinning for the RDAP program, together with regulations that have been implemented pursuant to the statute.  Essentially, BOP Program Statement 5330.11 describes the eligibility criteria the BOP considers in determining whether an inmate qualifies for RDAP.  As noted above, one of the requirements is that there be documentation to verify the inmate's use of specific drugs, and "[t]here is

verification that can establish a pattern of substance abuse or dependence." Program Statement 5330.11 § 2.5.8. That section further provides as follows:

> When seeking independent verification, examples of other collateral documentation that may be used include:
>
> • Documentation to support a substance use disorder within the 12-month period before the inmate's arrest on his or her current offense.
>
> • Documentation from a probation officer, parole officer, social service professional, etc., who has information that verifies the inmate's problem with substance(s) within the 12-month period before the inmate's arrest on his or her current offense.
>
> • Documentation from a substance abuse treatment provider or medical provider who diagnosed and treated the inmate for a substance abuse disorder within the 12-month period before the inmate's arrest on his or her current offense.
>
> • Multiple convictions (two or more) for Driving Under the Influence (DUI) or Driving While Intoxicated (DWI) in the 5 years prior to his or her most recent arrest.

(*Id*. at 19.)

The Magistrate Judge relied upon the Program Statement quoted above, together with a declaration of Dr. Christopher Bush, a drug abuse program counselor. Bush's declaration reveals that the BOP investigation report indicated that Torres voluntarily completed a 12-step Narcotics Anonymous program and that prior to his involvement in the instant offense, he reportedly received a medal to award him for three years of sobriety. Moreover, the report revealed that Torres stated that he had been clean and sober for four and one-half years. Based upon the totality of this record, the BOP denied Torres' participation in the RDAP.

The objection memorandum filed by Torres in response to the Report and Recommendation asserts three grounds of error. The court has carefully conducted the

3

required de novo review and has determined that the objections lack merit and that the decision of the Magistrate Judge should be affirmed.

In his objections, the petitioner first argues that the Magistrate Judge is incorrect in determining that Program Statement 5330.11 supports the proposition that active drug use within the twelve months prior to incarceration is a requirement for admission into the RDAP. Petitioner next argues that the Magistrate Judge expanded, without any support, the definition of substance abuse disorder set forth in the Diagnostic and Statistical Manual of Mental Disorders IV (DSM-IV). The respondent replies to the first two arguments by pointing to the plain language of Program Statement 5330.11 and suggests that the fact that these requirements are not in large bold type, but are rather provided in explanatory paragraphs, does not render them unsupportable by Program Statement 5330.11. Moreover, the active use of drugs within 12 months prior to arrest requirement provided in Program Statement 5330.11 is also supported by the authorizing statutes. Pursuant to statute, RDAP is open only to prisoners who "have a substance abuse program." 18 U.S.C. § 3.621(e)(5)(B). The word "have" is in the present tense; the statute does not require the BOP to offer any treatment for inmates who suffered from drug abuse in the past.

Contrary to petitioner's argument, the Magistrate Judge did not expand the definition for substance abuse disorder beyond the DSM-IV. The Magistrate Judge correctly made the correlation between the two provisions in Program Statement 5330.11 regarding the active use of drugs within 12 months prior to arrest requirement.

The petitioner's third argument relies upon cases that considered the Program Statement that preceded Program Statement 5330.11, which is the one at issue in this case.

Those earlier cases found the BOP's requirement for the active use of drugs within 12 months prior to arrest as arbitrary and capricious because they appeared no where in Program Statement 5330.11. This problem was cured, however, when Program Statement 5330.11 was released which clearly contains the twelve-month requirement.

For all the foregoing reasons, the objections are overruled and the Report and Recommendation is incorporated herein by reference. The respondent's motion to dismiss (ECF No. 9) is granted and this action is now ended.

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

December 7, 2011
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge